TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Esther Lewis WERMSKE, Appellee.

No. 6979.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 26, 1960.

Rehearing Denied Oct. 24, 1960.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Linn & Helms, Spearman, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case brought by Esther Lewis Wermske against Texas Employers' Insurance Association to recover compensation for the death of her husband, Lowell Willis Wermske. The case was tried to a jury and based upon its verdict, judgment was rendered in the trial court for Esther Lewis Wermske for death benefits under the Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. From such judgment this appeal is brought.

By appellant's first two assignments of error, it is insisted that the appellee's contention and the jury's finding, that decedent died as the result of compensable injury was without support in the evidence, which did not make a fact issue for the jury in that regard, and that the evidence was insufficient in that particular.

On the night of June 22, 1957, at the time of the accident, the deceased was an engineer working for Phillips Pipeline Company. The deceased was working from 4:00 in the afternoon until 12:00 midnight. The deceased was required to do whatever came up while he was on duty. It was also his duty to maintain a portion of the grounds as far as the grass and weeds were concerned by removing the weeds and mowing the grass. Mr. Wermske went to work at 4:00 P.M. on the afternoon in question and was the only person at the plant from about 5:00 P.M. until about 8:20 P.M. when Mrs. Wermske brought his supper to him and found his body. Mr. Wermske was alone at the time of the accident. His body was found at the southeast corner of what they called the warehouse. There is no direct proof as to what he was doing when he was killed. He was killed during working hours and while on duty and upon the employer's premises. From circumstantial evidence it is indicated that Wermske was killed while placing air in an oil drum that he was preparing to use in spraying weeds. The first time the oil drum was seen on the premises was the afternoon before Wermske was killed. No one knew where the oil drum came from. Wermske was asked what he was going to do with the drum, and he stated he was going to fix it to spray some weeds. There was an explosion heard and when the body was found, the drum was found to be from 160–200 feet away with the end torn out of it. Wermske's work as an engineer did not require all of his time, and we are confident, under this record, that he was

killed from the explosion of the oil drum while he was preparing it during his spare time to use in spraying weeds. The record is silent as to where he was going to spray. It does not show whether he was going to spray weeds on that portion of the yard he had to maintain or upon his own property or on both places.

The deceased was on duty on the premises of his employer where he was hired to be, and there is no contention he was not performing his duties there at the very time he was killed, but it is contended the decedent's death occurred when a drum, which did not belong to his employer but which he had brought from his own home to his employer's premises in his own pickup and on which he had been working on employer's premises, exploded. Under this record it is clearly shown the deceased was on duty, and there is no indication that he was not performing the work he was hired to do; but most that can be considered from the record would be that deceased was working upon the drum when it exploded.

In the case of American Mut. Liability Ins. Co. v. Parker et al., Tex.Civ.App., 188 S.W.2d 1006, 1008, affirmed by the Supreme Court, 144 Tex. 453, 191 S.W.2d 844, it is stated:

"Also, if the employee is engaged in a dual mission, that is, one personal to himself as well as on behalf of the employer, he still is considered in the course of his employment."

In the case of Associated Indemnity Corporation et al. v. Billberg et al., Tex. Civ.App., 172 S.W.2d 157, 160, it is stated:

"It is settled law in this State that where an employee mixes personal matters or missions with those connected with his employment, he does not thereby remove himself from the course of his employment."

We cannot say he did not intend to use the drum to spray the weeds on his employer's property which was a part of his duties to remove. Neither can we say there was not sufficient evidence to sustain the findings of the jury. It is stated in the case of Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ.App., 138 S.W.2d 626, 629, writ dismissed judgment correct:

"The general rule is that whether the employment of a workman injured while engaged in a particular task is within the usual course of the business of his employer is ordinarily a question of fact. To make such an issue a question of law, the testimony must not only be without contradiction but must be so conclusive that reasonable minds cannot differ as to its effect. Croswell v. Commercial Standard Ins. Co., Tex.Civ.App., 56 S.W.2d 918, 928, Par. 2."

Appellant's first and second points of error are overruled.

■ By appellant's third, fourth and fifth assignments of error, it contends that the appellee's claim was not timely filed and that good cause for failing to file the claim in time was without support in the evidence sufficient to make a fact issue for the jury in either regard; and that neither the law nor the evidence sustain the jury's finding that good cause was shown; and that the evidence was insufficient in the latter particular.

The claim was not filed within six months from the date of the accident. Appellee employed an attorney to handle the administration of her husband's estate and to also handle this claim. The agent of appellant left papers with appellee to fill out and mail to him. Appellee testified that she did fill out the papers and mailed them as requested. Later this same agent notified her that the appellant refused to pay the claim. Her attorney had at all times assured her everything was all right. Her attorney also acknowledged that she had hired him to represent her in this matter and that he prepared a claim for mailing and thought it was mailed. Appellee relied upon what her attorney told her

and did not know a claim had to be filed within six months and neither did she know that a claim had not been filed but thought everything was taken care of by her attorney. Later the attorney told her he could not handle her case any further, and she then hired her present attorneys. The last mentioned attorneys filed their power of attorney with the Industrial Accident Board and were notified that no claim had been filed. This was the first time appellee knew her previous attorney had not filed her claim. Upon learning no claim had been filed, her present attorneys proceeded immediately with the necessary steps.

Assuming appellee's first attorney did not file a claim as required, were the acts of said attorney, as appellee's agent, such as to determine that the appellee did not show good cause for failing to file the claim in time? In other words, was the appellee bound by the acts of her attorney in failing to file her claim? It is stated in the case of Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372, by the Supreme Court as follows:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Martin v. Travelers Ins. Co., Tex.Civ.App., 196 S.W.2d .544; Great American Indem. Co. v.

Beaupre, Tex.Civ.App., 191 S.W.2d 883; Lacour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676; Texas Indemnity Co. v. Cook, Tex. Civ.App., 87 S.W.2d 830, writ refused.

"The law is well settled that a bona fide belief of a claimant that his injuries are not serious but trivial is sufficient to constitute good cause for delay in filing a claim. It also has been held a number of times that the advice of a physician, upon whom a claimant relies, that injuries are not of a serious nature, but are temporary or trivial, is sufficient to justify a claimant's delay until he learns, or by the use of reasonable diligence should have learned, that his injuries are serious. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Texas Employers' Ins. Ass'n v. Frankum, 145 Tex. 658, 201 S.W.2d 800; Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W. 2d 405; Consolidated Underwriters v. Pruitt, Tex.Civ.App., 180 S.W.2d 461; Dean v. Safety Casualty Co., Tex.Civ. App., 190 S.W.2d 750; Zurich General Accident & Liability Ins. Co. v. Lee, Tex.Civ.App., 135 S.W.2d 505; Traders & General Ins. Co. v. Jacques, Tex. Civ.App., 131 S.W.2d 133; Texas Employers' Ins. Ass'n v. Fowler, Tex.Civ. App., 140 S.W.2d 545; Federal Underwriters Exchange v. McDaniel, Tex.Civ.App., 140 S.W.2d 979, Gulf Casualty Co. v. Taylor, Tex.Civ.App., 67 S.W.2d 415; Hartford Accident & Indemnity Co. v. Jackson, Tex.Civ. App., 201 S.W.2d 265."

We are not able to see any difference in the acts of a person, unversed in the requirements of the law, in relying upon her attorney than there is in relying upon her doctor. We think the jury was justified in holding the appellee presented her claim with that degree of diligence that an ordinary prudent person would have exercised under like circumstances. Gulf Casualty Co. v. Hughes, 230 S.W.2d 293.

Appellant's points of error three, four and five are overruled.

■ By appellant's sixth point of error it complains of the Court's failure to sustain appellant's objection to Special Issue No. I. Special Issue No. I is as follows:

#### Special Issue No. I

"Do you find from a preponderance of the evidence that Lowell Willis Wermske sustained fatal injuries in the course of his employment for Phillips Pipeline Company?"

Appellant contended that if there was any issue at all it was whether the barrel which produced the decedent's death was being readied by him to kill weeds at the station, and the jury should be required to pass upon the exact contention and should not be permitted to speculate upon the possibility of some other connection between decedent's employment and his death. We are of the opinion that the appellant's suggested method of submitting the issue would have been upon an evidentiary matter and not the controlling issue. Since there is no question under this record but what deceased was at the time in the course of his employment, and nothing to show he had in any manner ever turned from or left his duties as required by his employer, whether he was preparing the drum for his own use or his employer or both would be immaterial. American Mut. Liability Ins. Co. v. Parker et al., Tex.Civ.App., 188 S.W.2d 1006, affirmed by the Supreme Court, 144 Tex. 453, 191 S.W.2d 844 and Associated Indemnity Corporation v. Billberg et al., Tex.Civ.App., 172 S.W.2d 157. Appellant's sixth point of error is overruled.

By appellant's seventh assignment of error it complains of the action of the Court in refusing to submit its requested issue. The requested issue was as follows:

#### Requested Issue

"Do you find from the evidence that decedent's death occurred when a drum or barrel, which did not belong to his employer but which he had brought from his own home to his employer's premises in his own pickup and on which he had been working on his employer's premises, exploded?"

We are familiar with the rule that where facts pleaded by defendant, which, standing alone, would, if proven, constitute a defense to plaintiff's suit, that the issue should be submitted to the jury. We think this issue would be an evidentiary matter and not a controlling issue. There is no showing where this drum came from and certainly there is no evidence that deceased brought the drum from his home in his pickup. Appellant's seventh assignment of error is overruled.

■ In appellant's point eight it complains of the trial court's definition of "injuries sustained in the course of employment". The appellant in his brief states that the question here presented is a continuing part of the same problem discussed under point six. The Court's definition was as follows:

"The term or expression 'injuries sustained in the course of employment' includes such injuries having to do with and originating in the work, business or trade of the employer, sustained by an employee while in or about the furtherance of the affairs or business of the employer."

This definition of the term has been approved as correct under like circumstances, and we think the definition given herein was sufficient. Texas Employers' Ins. Ass'n v. Owen et al., Tex.Com.App., 298 S.W. 542 by the Commission of Appeals. Point eight is overruled.

■ As to appellant's ninth point, we do not think the Court erred in overruling appellant's objection to the evidence offered concerning the actions of Mr. Archer, appellee's first attorney in this case. Such evidence shows Archer was employed by

appellee and explains why appellee did not file her claim in the statutory period as she was relying upon her attorney and is used in showing good cause in not filing the claim in time. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370. Appellant's ninth assignment of error is overruled. Judgment of the trial court is affirmed.