**Ruby S. NUNNERY, Appellant,**

v.

**TEXAS CASUALTY INSURANCE
COMPANY, Appellee.**

No. 11004.

Court of Civil Appeals of Texas.

Austin.

Nov. 21, 1962.

Long, Maroney & Aronson, Austin, for appellant.

Gay & Meyers, Austin, for appellee.

RICHARDS, Justice.

Ruby S. Nunnery, appellant, individually and as next friend of her minor son, Douglas A. Nunnery, brought suit in the 53rd Judicial District Court of Travis County, Texas, against Texas Casualty Insurance Company, appellee, as an appeal from an order of the Industrial Accident Board denying death benefits under the Workman's Compensation Law arising from the death of her husband, George Arthur Glendon Nunnery. At the time of his death on October 31, 1959 Mr. Nunnery was employed by J. W. Lackey, who carried a policy of workman's compensation insurance covering his employees and issued by appellee. Appellant did not file the claims for death benefits accruing to herself and her minor son under the policy with the

Industrial Accident Board until July 5, 1960, more than eight months after the death of her husband.

On the trial the jury found in answer to three special issues that there existed good cause for appellant's failure to file the claim with the Industrial Accident Board within six months after the death of her husband as required by Sec. 4a, Art. 8307, Vernon's Civil Statutes. Motion for judgment on the verdict was filed by appellant, individually and as next friend of the minor, Douglas A. Nunnery, which was granted as to the minor but refused as to appellant. Appellee filed motion for judgment non obstante veredicto, which was granted by the Court as to appellant and denied as to the minor, Douglas A. Nunnery. The Trial Court entered judgment for recovery by the minor, Douglas A. Nunnery and that appellant take nothing. Appellant having perfected this appeal only from that part of the judgment denying her a recovery, the sole question for decision is whether appellant had good cause for her failure to file claim for compensation within six months after her husband's death.

According to appellant's testimony, within a week after her husband's death she was advised by her eldest son that her husband's employer had told him that he had workman's compensation insurance on her husband and to see if she had a claim. She then consulted an attorney in Georgetown and told him how everything had happened and asked him to investigate it for her. The attorney said he would investigate it and if appellant had a claim he would file it.

About January 19, 1960, the attorney wrote a letter to the employer of her late husband, which is in part as follows:

"I have carefully gone over the file with reference to the death of Mr. George Glendon Nunnery, who died, in my opinion, as the result of an accident while operating a motor vehicle in the line of his duty. I understand that you carry workman compensation. Therefore, consider this a demand for full payment under the terms of the compensation that you now carry. Please acknowledge receipt of this demand.

"I suggest that you take this matter up with your insurance carrier at once."

Appellant stated that after she had received a copy of this letter she knew that the attorney was trying to collect workman's compensation for herself and her son. During the succeeding months she was in communication with her attorney either through personal visits or by telephone on an average of once a month until the middle of May, 1960, at which time the attorney advised her that he had concluded that she did not have a compensable claim. She testified that until the attorney told her that she did not have a compensable claim she was relying on him to do whatever was necessary about the claim and that the reason she had not filed a claim within six months after her husband's death is that she was waiting for the attorney to do what he was going to do.

The six months' period within which a claim must be filed with the Industrial Accident Board under the provisions of Art. 8307, Sec. 4a, V.C.S., would have expired on May 1, 1960, since the period began to run on the date of the death, October 31, 1959, and not on any subsequent date. Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053. It therefore appears that the statutory period had elapsed prior to the middle of May, 1960, when the appellant was notified by her attorney that she did not have a compensable claim.

In our opinion, appellant's contention that there was evidence to support the jury's finding of good cause for her delay in failing to file the claim with the Industrial Accident Board within six

months from the date of her husband's death is without merit. While it is true that the test for the existence of good cause is that of ordinary prudence, that is, whether the claimant prosecuted the claim with the degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances, which ordinarily is a question of fact to be determined by the jury or the trier of facts, nevertheless, it may be determined against the claimant as a matter of law when the evidence construed most favorably for the claimant admits no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372.

■ Construing the evidence as to the degree of diligence exercised by appellant in her favor, we must conclude that appellant has shown no good cause for the delay in filing her claim with the Industrial Accident Board as a matter of law. Under the rule stated by the Supreme Court of Texas in Texas Employers Ins. Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90, the relationship of attorney and client is one of agency and since the omissions as well as the commissions of an attorney are the acts of the client whom he represents, the attorney's negligence is equivalent to the negligence of the client.

■ Here, appellant employed an attorney to investigate her claim for death benefits under the Workman's Compensation Law arising from the death of her husband while working for an employer covered by workman's compensation insurance. Under appellant's contract of employment with her attorney he was to investigate her claim and if in his opinion she had a compensable claim he would file it. There is no dispute that appellant relied upon her attorney to make an investigation of her claim, that he advised her during the succeeding months that he was engaged in such investigation and it was not until after the six months' period for filing the claim with the Board had expired that he advised her that she did not have a compensable claim. As stated in Wermske, supra, the law of Texas is that an attorney employed to prosecute a claim for workman's compensation is the agent of the client and his action or non-action within the scope of his employment or agency is attributable to the client.

Since the failure of appellant's attorney to file her claim with the Industrial Accident Board within the six months' period following the death of her husband must be attributed to appellant, no good cause was shown by appellant for her failure to have complied with the provisions of Art. 8307, Sec. 4a, V.C.S., and her claim is barred as a matter of law. The Trial Court did not err in granting appellee's motion for judgment non obstante veredicto against appellant and her point of error is overruled.

By point of error on its appeal appellee contends that the Trial Court erred in granting the motion of Douglas A. Nunnery, a minor, acting by and through appellant as his next friend, for judgment on the verdict and in entering judgment against appellee for $6,038.68, together with interest at the rate of 4% per annum. This contention is based upon the theory that since appellant represented the minor son, Douglas A. Nunnery, as his next friend in investigating, preparing and finally filing claim for compensation, he is bound by her delay and there is no evidence raising the issue of good cause for the delay.

■ In Latcholia v. Texas Employers' Ins. Ass'n, 140 Tex. 231, 167 S.W.2d 164, 168 and Associated Indemnity Corp. v. Billberg, Tex.Civ.App., 172 S.W.2d 157, 163 (N.W.H.), it was held that the period of disqualification of a minor begins to run from the date of the injury or death upon which the claim is based until the claim is filed by the guardian or next friend and that such disqualification will constitute good cause as a matter of law for not filing the claim during that period.

Appellee's cross-point of error is overruled.

The judgment of the Trial Court is in all things affirmed.

Affirmed.