Yandell ROGERS, Jr., Appellant,

v.

B & R DEVELOPMENT, INC., Appellee.

No. 17619.

Court of Civil Appeals of Texas, Fort Worth.

April 25, 1975.

Rehearing Denied May 30, 1975.

Thompson, Coe, Cousins & Irons, and Franklin H. Perry, Dallas, for appellant.

King & Massey, Inc., and Marion L. Massey, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal by Yandell Rogers, Jr., from an order overruling his plea of privilege to be sued in his domicile, Harris County.

This suit was brought by B & R Development, Inc., against Yandell Rogers, Jr., for damages for fraud growing out of a real estate transaction. Plaintiff seeks to maintain venue in Tarrant County, Texas, under Section 7 of Article 1995, Vernon's Ann.Tex.Civ.St., which provides that in all cases of fraud suit may be brought in the county where the fraud was committed.

Rogers brings this appeal on one point of error; that being that plaintiff failed to prove a prima facie case under this Section of the statute.

We affirm.

In October, 1972, James Rust, as President, and acting in behalf of the plaintiff, B & R Development, Inc., saw a sign located on the property made the basis of this suit. The sign in effect said: for sale, 90 acres, all or part, terms available, call Mr. B. Williams, (214) 742-1541. This property is located in Tarrant County, Texas. A photograph of this sign is in the record.

The plaintiff, through its president, called from Tarrant County to Dallas County and asked for B. Williams, the name appearing on the sign. He called the number appearing on the sign. He asked Mr. Williams, "Are you the Mr. B. Williams that has the 90 acres of land for sale on Union Church Road?" He said, "I am." It is conceded by appellee in his brief and during oral argument that this call was placed from Tarrant County to Dallas County and the above representations were made by Mr. Williams to plaintiff in Tarrant County. That is, the representations were received and heard by plaintiff in Tarrant County. Rogers contends that this is insufficient to constitute a representation or misrepresentation in Tarrant County. Appellee asserts that this is sufficient and in addition thereto the representation of 90 acres being for sale was on a sign in Tarrant County, Texas, with Mr. Williams' name on the sign and his phone number and this was also a representation made in Tarrant County.

The telephone call resulted in an appointment to see Mr. Williams in Dallas. Negotiations were conducted in Dallas County thereafter.

Mr. Byron Williams and Yandell Rogers, Jr., are each attorneys. Mr. Rogers testified that he and Byron Williams were very close personal friends, that their relation-

ship was basically that of attorney-client. He further testified that Williams knew that Rogers was moving to Houston and asked Rogers what he was going to do with the land. The defendant then requested that Williams handle it for him. Rogers responded, "Sure, you do all of my work, so, you know, if anything comes along, fine." They had no brokerage arrangement and there is no evidence that Williams was a licensed broker or a real estate agent. He planned to pay Williams based upon the work he had to do in connection with the handling of the matter. Mr. Williams did all the paper work, prepared the sales contract and the instruments to close the real estate transaction and ultimately was paid an attorney's fee of about $5,000.00. He filed the answer in this suit. The defendant instructed Williams not to furnish a survey.

After considerable negotiations between plaintiff, and Williams acting as agent for Rogers, a sales contract was prepared and signed by the plaintiff on July 9, 1972. Williams prepared this contract of sale which provided for a purchase price of $270,000.00 for the sale of "90 acres at $3,000.00 per acre." It further provided, "RELEASE CLAUSE—Seller to release acreage to Purchaser at $3,000.00 per acre." It further provided that, "All acreage sold or retained by B & R Development, Inc. & Frank Whitmire from the 90 acres from Abstract 295 purchased from Mr. Yandell Rogers, Jr. is to have ingress & egress to public or private road."

Appellee asserts that venue should be sustained in Tarrant County, Texas, because the defendant acting through his attorney-agent represented in Tarrant County, Texas, that the tract of land contained 90 acres and that this was false because it contained only 83.31 acres. It was conceded that the tract contained only the above amount of acreage. Figured at $3,000.00 per acre it would mean that plaintiff paid $20,070.00 for acreage that it did not receive. Throughout the negotiations it was represented to the plaintiff that said tract contained 90 acres.

In the case of Texas Employers' Insurance Ass'n v. Sprabery, 507 S.W.2d 340 (Fort Worth Civ.App., 1974, no writ hist.), in a venue hearing under this same section, venue was sustained in the county of plaintiff's residence who talked long distance to the doctor in Amarillo. Dr. Thomas made the statement made the basis of the fraud suit, while he was in Amarillo, during a telephone conversation he was then having with appellee, who, at the time, was in Wichita Falls, Wichita County, Texas. The misrepresentation was thus made in, to, or communicated to, appellee while he was in Wichita County, Texas. Therefore, venue was sustained in Wichita County.

■ We hold that Byron Williams, while in Dallas County, communicated the misrepresentations to James Rust, President of plaintiff company, in Tarrant County, Texas. The sign also was physically located in, and read by Mr. Rust in Tarrant County, Texas, and was thus also a misrepresentation.

■ Plaintiff proved all the elements of fraud and clearly established its right to recover compensation for the shortage of acreage in the tract of land involved. Ray v. Barrington, 297 S.W. 781 (Waco Civ. App., 1927, no writ hist.); Brewer v. Ross, 290 S.W. 781 (El Paso Civ.App., 1926, ref.); Carpenter v. Bandy, 293 S.W.2d 126 (Texarkana Civ.App., 1956, ref.); First State Bank v. Von Boeckmann-Jones Co., 359 S.W.2d 171 (Austin Civ.App., 1962, no writ hist.); Texas State Highway Department v. Kinsler, 230 S.W.2d 364 (Beaumont Civ.App., 1950, ref.).

■ Appellee further contends that the evidence is insufficient because there is no evidence that Rogers authorized the sign, knew of its existence, ratified the act of placing the sign on the property, and no evidence he did not have 90 acres of land for sale. In this connection appellant relies upon cases involving a landowner listing his property for sale with a broker whose sole duty was to find a buyer and bring the buyer and seller together. The

law applicable in such a situation does not apply here. Rogers and Williams had the legal relationship of attorney-client and that of old friends. The relationship of attorney and client being essentially one of agency, the usual rules of agency apply in regard to the imputation of knowledge. Here Williams, an attorney, had caused and permitted the sign to be placed on the property in Tarrant County, Texas, reciting that the tract contained 90 acres. He made such misrepresentations to the plaintiff, he prepared a sales contract reciting that the tract contained 90 acres and was being sold for $3,000.00 per acre, he closed the real estate transaction, and Rogers received the benefits of the transaction. Whether Rogers actually knew each of these items is immaterial because such knowledge that his attorney had is imputed to him. Texas Employers Insurance Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (1961); Nunnery v. Texas Casualty Insurance Company, 362 S.W.2d 865 (Austin Civ.App., 1962, no writ hist.); Dow Chemical Company v. Benton, 357 S.W.2d 565 (Tex.Sup., 1962); Foster v. Wagner, 337 S.W.2d 485 (El Paso Civ.App., 1960, reversed on other grounds, 161 Tex. 333, 341 S.W.2d 887).

Even if it is assumed that the act of Williams in representing the tract of land as containing 90 acres was an unauthorized act, this Court is of the opinion that such act was ratified by Rogers in closing the transaction and accepting the benefits. The principle of law applicable is that where the act of the agent is unauthorized but has proven beneficial to his principal, and the benefits of such act are retained by the principal, a presumption of ratification by the principal will arise from slight circumstances. Knowles v. Northern Texas Traction Co., 121 S.W. 232 (Texas Civ.App., 1909, dism.)

The deed executed and delivered in culmination of this transaction provided for a cash payment and a balance secured by a deed of trust to Byron L. Williams, Trustee. It described the land by metes and bounds and as containing 90 acres of land "more or less."

The question arises as to whether or not this was a sale by acre or in gross.

The applicable law is stated as follows:

"The phraseology of the contract or conveyance is not necessarily controlling in determining the character of the sale. Extrinsic or parol evidence is sometimes admissible to show that a transaction which appears from a writing to be a sale in gross is, in fact, a sale by the acre, particularly when fraud, misrepresentation, or mutual mistake is alleged." 58 Tex.Jur.2d 340 (1964), Sec. 139. For a discussion on this subject see 20 Texas Law Review, p. 446, "Excesses and Deficiencies in Texas Land Sales," and O'Connell v. Duke, 29 Texas 300 (1867).

Under the facts of this case a fact issue existed as to whether or not this was a sale by the acre.

The defendant was called to testify by the plaintiff as an adverse witness. He did not deny any of the essential elements of this cause of action as plead and proved by the plaintiff. The trial court could take this into consideration.

In determining the sufficiency of the evidence in support of a trial court's presumed findings, we must observe the well established rules to the effect that all evidence adverse thereto must be disregarded and only the evidence favorable to the presumed or implied findings can be considered, indulging every legitimate conclusion which tends to support such finding. Brown Company v. Terrell, 310 S.W.2d 757 (Amarillo Civ.App., 1958, no writ hist.).

We overrule appellant's point of error.

The judgment is affirmed.