CENTURY STRUCTURES, INC., et al, Appellants,

v.

KUP ELECTRIC CO., INC., Appellee.

No. 9469.

Court of Appeals of Texas, Texarkana.

July 22, 1986.

Rehearing Denied Aug. 19, 1986.

**136**

William W. Sommers, Gardner, Ferguson, Sommers & Davis, San Antonio, for appellants.

Johanna E. Tice McLeod, San Antonio, for appellee.

BLEIL, Justice.

Century Structures, Inc., and Fireman's Fund Insurance Co. appeal from a judgment in a nonjury trial on behalf of Kup Electric Co. under a contractor-subcontractor agreement, raising the issue of timely notice of a claim for amounts due, so as to allow recovery on the contractor's bond. Tex.Rev.Civ.Stat.Ann. art. 5160(B)(a) (Vernon 1962). We conclude that the evidence supports a finding of timely notice and affirm.

On October 11, 1978, Century agreed with the Hondo Independent School District to build a gymnasium/auditorium for the high school. Fireman's Fund issued a bond to Century insuring its performance and payment of obligations arising from this agreement. On October 17, Century subcontracted the electrical system work on this project to Kup. Work fell behind schedule and the project was not completed as agreed on October 23, 1979. A certificate of substantial completion was not issued until June 9, 1980.

During the course of the project, Kup and Century had several disputes about work delays and payments to Kup's suppliers. After the project's completion, Kup began complaining that it had not been paid, and eventually brought suit for $17,-662.74 against Century Structures and its surety, Fireman's Fund. Judgment was rendered against Century in the amount of $10,062.79 plus attorney's fees, this being $17,662.74 minus $7,599.95 in offsets, credits, and backcharges found for Century. And, judgment was rendered against Fireman's Fund on its bond.

Under Article 5160(B)(a), in order to recover on the bond, the subcontractor must give notice within ninety days after the tenth day of the month next following each month in which the labor is done or performed, in whole or in part, for which a claim is made. This time period was triggered by the certificate of substantial completion issued June 9; under the statute, all notices of claims had to be given within ninety days after July 10, or by October 8. To show that timely notice had been properly given, Kup relies on a letter dated September 25, 1980.

Thomas Kupcho, general manager of Kup Electric, testified that Kup's normal business practice was to mail letters the day after they were prepared. He stated that the letter in question was sent certified mail and that the numbers marked on it (5300548 and 5300533) correspond with numbers on receipts for certified mail showing that Century and Fireman's Fund had received the letter. However, these receipts also show that Fireman's Fund received it on October 16 and Century on October 21. Since notice under the statute is effective when mailed, *see Johnson Service Co. v. Climate Control Contractors, Inc.,* 478 S.W.2d 643 (Tex.Civ.App.—Austin 1972, no writ), the issue is whether the evidence supports a finding that the letter was mailed before or after October 8.

Appellants claim that no evidence supports the findings of the trial court. Accordingly, our standard of review is that the trial court's findings of fact must be upheld if there is any evidence to support them. In testing the findings, we review the evidence in the light most favorable to the judgment, considering only the evidence and inferences which support the findings and rejecting contrary evidence and inferences. *Stedman v. Georgetown Savings and Loan Association,* 595 S.W.2d 486 (Tex.1979); *Chapa v. Herbster,* 653 S.W.2d 594 (Tex.App.—Tyler 1983, no writ); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 16.10 (rev. 1984).

Appellants rely on *Texas Employers Insurance Ass'n v. Wermske,* 162 Tex. 540, 349 S.W.2d 90 (1961), which holds that when there is positive testimony that a letter has been enclosed in an envelope, correctly stamped and addressed, and de-

posited in the mail, a rebuttable presumption arises as to due receipt. However, if there is no positive testimony concerning the act of mailing, but the sender relies on office custom as proof thereof, there must be corroborating circumstances to support an inference that the custom was carried out. Century and Fireman's Fund argue that here there is no direct testimony concerning mailing and no evidence of corroborating circumstances, and that therefore, there is no evidence to support the finding that the letter was mailed on September 26.

Kup, in response, cites several cases in which testimony as to office custom, without more, was sufficient to establish that the custom was carried out. *See, e.g., Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854 (1942); *Wendlandt v. Sommers Drug Stores Co.,* 551 S.W.2d 488 (Tex.Civ.App.—Austin 1977, no writ).

Both sides rely on cases in which the letter allegedly sent was never received and the real question was whether the letter was mailed at all. Here, on the contrary, the letter was received and the sole question is the timeliness of its mailing. Therefore, *Wermske* can be distinguished because it is not disputed that Kup's letters were actually mailed at some date.

There is evidence that supports the findings of timely mailing. The fact that the letters were actually received, and the numbers marked on the letters which correspond with the numbers on the return receipts support the findings of the court that Kup actually mailed the letters. The date of the letters and Kup's office custom support the findings that mailing was timely.

Accordingly, the judgment of the trial court is affirmed.