NO. 07-03-0382-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 12, 2005

______________________________

IN THE MATTER OF THE MARRIAGE OF

LISA ANN RUNBERG AND DOAK TIM RUNBERG

AND IN THE INTEREST OF

S.F.R, M.D.R, J.L.R., J.G.R., AND Z.G.R., CHILDREN

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF RANDALL COUNTY;

NO. 52,652-A; HONORABLE RICHARD DAMBOLD, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

DISSENTING OPINION

I respectfully dissent from the majority that a reversal of the judgment is required by the decision in LBL Oil Company v. International Power Services, 777 S.W.2d 390 (Tex. 1989).

The decision in 
LBL
 cannot be disassociated from or taken out of context of its facts.  
See
 W.D. Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 840 (1958).  In Lester v. First American Bank, 866 S.W.2d 361, 363 (Tex.App.--Waco 1993,  writ denied), noting that the decision in a prior case 
only applies if the facts of the prior case are substantially the same as those under review, the court concluded that the binding effect of a prior decision cannot be determined without reference to its important facts.  
Stare decisis
 applies when the facts of a prior case are substantially the same as the case under consideration.  
See
 Edwards v. Kaye, 9 S.W.3d 310, 313 (Tex.App.--Houston [14
th
 Dist.] 1999, pet. denied).  

Moreover, “due process of law” is not a technical concept having a fixed content unrelated to time, place, and circumstances; rather, the term implies fundamental fairness in the context of the particular case.  
See
 Southwest Prof. Indem. v. Dept. of Ins., 914 S.W.2d 256, 267 (Tex.App.--Austin 1996, writ denied).  Further, due process does not guarantee Doak any particular form of state procedure and is satisfied if he had notice of the suit and a reasonable opportunity to be heard.  Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930).  Because the question of due process is fact intensive, we need to compare the facts in 
LBL
 with the facts presented here to also determine whether Doak was not given a reasonable opportunity to be heard on the merits of his case.  
See
 Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). 

Our review of the facts is limited to such history as is reflected by the opinion of the Texas Supreme Court.  In 
LBL
, a Texas plaintiff sued a Texas corporation allegedly doing business as LBL Gas Systems on a sworn account and obtained service on the registered agent. 770 S.W.2d at 390.  Although he was never served with citation, R. H. Lindley, a citizen of Oklahoma, filed a 
pro se 
motion to dismiss the suit alleging he was the sole owner of the unincorporated business LBL Oil Company, it was an “Oklahoma ‘dba,’” and there was no jurisdiction over him because there had been no service.  
Id.
  After the trial court overruled Lindley’s motion upon notice to him, without any amendment of plaintiff’s pleadings or further notice, the trial court rendered a default judgment.
(footnote: 1)  
Id.
  Upon consideration of Lindley’s writ of error, the Court held that because the record established Lindley had no actual or constructive notice of the default hearing, he had been denied due process of law.  
Id. 
at 391.

Unlike Lindley, Doak, a Texas resident, was personally served which expressly gave him notice that if he did not file a written answer with the clerk on the Monday next following the expiration of twenty days after service of citation, a “default judgment may be taken against [him].”  In addition to the requirements of Rule 99, the citation further notified Doak:

The Court has authority in this suit to enter any judgment or decree dissolving the marriage and providing for the division of property which will be binding on you.

The Court has authority in this suit to enter any judgment or decree in the child/children’s interest which will be binding upon you, including the termination of the parent-child relationship, the determination of paternity, and the appointment of a conservator with authority to consent to the child/children’s adoption.

Neither Doak nor his retained attorney filed a written answer or any other pleading, and such failure to answer constituted an admission of the allegations in Lisa’s petition.  Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); 
see also
 Harmon v. Harmon, 879 S.W.2d 213, 217 (Tex.App.--Houston [14
th
 Dist.] 1994, writ denied).
(footnote: 2)  Had Doak or his attorney filed an answer, per Rule 245, he would have been given “reasonable notice” of the trial setting, not less than 45 days.
(footnote: 3)  

Doak does not contend that the applicable Texas Rules of Civil Procedure are unconstitutional or deficient or that his failure to file an answer was not the result of an absence of diligence on his part.  Unlike Lindley, who was never notified of the consequences of not filing a written answer, Doak’s lack of notice of the default hearing was the product of his or his counsel’s failure to timely file an answer, and his counsel’s failure to timely file an answer is imputed to Doak.  
See
 Dow Chemical Co. v. Benton, 163  Tex. 477, 357 S.W.2d 565, 567 (Tex. 1962); Texas Employers Insurance Ass’n v. Wermske, 162 Tex. 540, 349 S.W.2d 90, 94 (1961).  Accordingly, I would hold that 
LBL
 is not controlling and that Doak was given a reasonable opportunity to be heard on the merits of his case.     

No Reversible Error

Moreover, before we may reverse a judgment and order a new trial we must find that the error complained of amounted to such a denial of Doak’s rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment or prevented Doak from presenting the case on appeal.  Tex. R. App. P. 44.1.  Further,  if the error affects only part, but not all of the case, a judgment may be reversed only as to the part affected by the error.  
See
 Tex. R. App. P. 44.1(b); 
see also
 Tex. R. App. P. 61
.

The harmless error doctrine is well established in Texas.  In Walker v. Texas Employers’ Insurance Association, 155 Tex. 617, 291 S.W.2d 298, 301 (1956), the Court held that the rule of presumed prejudice no longer applies in Texas.  After that decision, in Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex. 1962), the Court held that an appellant must also show the error probably did cause the rendition of an improper judgment.  Later, in Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that the harmless error rule “applies to all errors in that it draws no distinction as to the type of errors involved in its requirement for reversal.”  Also, we recently held that demonstrating harm is “of import since the burden lay on [appellant] to establish on appeal that the purported error caused the rendition of an improper judgment.”  In re Marriage of Scott, 117 S.W.3d 580, 584 (Tex.App.–Amarillo 2003, no pet.).
(footnote: 4)
 Doak contends that because he made an appearance in the case, he was entitled to notice of the trial setting and the trial court failed to comply with the rules of notice.
(footnote: 5)  Although he had the burden to demonstrate the alleged error probably caused the rendition of an improper judgment or prevented him from presenting his case here, Doak does not address Rule 44.1 nor present a contention, argument, or analysis demonstrating that the error was reversible. Considering that Doak’s failure to file an answer constituted his admission of the allegations in Lisa’s petition and because Doak did not carry his burden to demonstrate that the alleged error probably resulted in an improper judgment, we may not reverse the judgment because the error is not reversible per Rule 44.

For the reasons stated herein, I would affirm the judgment of the trial court.   

Don H. Reavis

     Justice

FOOTNOTES
1:
We are unable to determine if judgment was rendered against Lindley, individually, or against the corporation, or both.  

2:
The rules of procedure apply to 
pro se 
parties as well as attorneys.  Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).

3:
See
 
generally
 Rolon v. Rolon, 907 S.W.2d 670, 671 (Tex.App.--Beaumont 1995, no writ) (holding the trial court erred in allowing the trial to proceed when counsel had not been given notice as required by Rule 245). 

4:
See also
 Knight v. Hicks, 505 S.W.2d 638, 644 (Tex.Civ.App.–Amarillo 1974,  writ ref’d n.r.e.); Whitfield  v. Shames, 484 S.W.2d 615, 616 (Tex.Civ.App.–Amarillo 1972, writ ref’d n.r.e.); Traders & General Ins. Co. v Randolph, 467 S.W.2d 689, 690 (Tex.Civ.App.–Amarillo 1971 writ dismissed); Gulf Ins. Co. v. Ball, 324 S.W.2d 605, 609 (Tex.Civ.App.–Amarillo 1959 writ ref’d n.r.e.); Ratliff v. Clift, 312 S.W.2d 315, 320 (Tex.Civ.App.–Amarillo 1958 writ ref’d n.r.e.); 
see also
 In re B.S.W., 87 S.W.3d 766, 768 (Tex.App.–Texarkana 2002, pet. denied); Hooper v. Sanford, 968 S.W.2d 392, 394 (Tex.App.–Tyler 1997, no pet.); Owens-Corning Fiberglas Corp. v. Malone, 916 S.W.2d 551, 570 (Tex.App.–Houston [1st Dist.] 1996), 
aff’d
, 972 S.W.2d 35 (Tex.1998); Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 484 (Tex.App.–Dallas 1995, writ denied); Cain v. Cain, 870 S.W.2d 676, 681 (Tex.App.–Houston [1st Dist.] 1994, writ denied).

5:
Doak’s notice of appeal was directed to the judgment taken on May 22, 2003, and not the denial of his motion for new trial.