## CURRIE v. HUMBLE OIL & REFINING CO.
### (No. 2254.)

Court of Civil Appeals of Texas. El Paso.
April 18, 1929.

W. N. Coombes and Geo. Sergeant, both of Dallas, for plaintiff in error.
Wm. Pierson, of Dallas, for defendant in error.

PELPHREY, P. J. C. F. Williams, who resided in Oklahoma, was the owner of a gasoline station located on the corner of Commerce and Harwood streets in the city of Dallas, Tex. In February, 1924, he entered into a written agreement with appellant and Harry W. Grant, by the provisions of which Grant was to operate the station, while appellant was to attend to the outside business, such as negotiating with oil companies and checking in and out.

The contract further provided that all moneys coming into the hands of appellant should be deposited in some bank, to be selected by him, in his name as trustee.

While appellant was acting in this capacity, appellee sold to the station oil and gas, for which appellant gave certain checks signed by him as trustee. The checks were not paid when presented, and suit was brought by appellee in the county court at law No. 2 of Dallas county against appellant for the amount of the checks.

The case was submitted to a jury on the following special issues:

"Special Issue No. 1: Was the form of contract or agreement, in evidence herein, signed,

if signed, by Williams, and Oked, if Oked, by Turner, as Manager of the Humble Oil & Refining Company, before the giving of the check sued on herein?

"Special Issue No. 2: If you have answered question Number 1, with yes, you will not answer this question, nor any other question; if you have answered it with no, then answer the following: Did J. W. Currie agree, unconditionally, with the Humble Oil & Refining Company thru its agent, Turner, that the goods delivered to the oil station in question herein, should be considered as delivered to him individually?

"Special Issue No. 3: If you have answered question Numbered 2, with no, you will not answer this question; if you have answered it with yes, then answer the following: Did the Humble Oil & Refining Company accept the checks sued on herein, on the individual responsibility of J. W. Currie?"

Upon the jury having answered special issue No. 1 in the negative, and special issues Nos. 2 and 3 in the affirmative, the court rendered judgment in favor of appellee and against appellant for the sum of $381.80. From such judgment this appeal is taken.

### Opinion.

Appellant presents three assignments of error, all complaining of the court's action in submitting the three several issues above. Under those assignments he presents the following single proposition:

"Where a seller contracts with an agent for the sale of goods with knowledge of such representative capacity the principal is liable and not the agent."

The proposition states the general rule, but it is also true that although an agent acts within the scope of his authority and for a disclosed principal, he may so exclusively pledge his own credit or superadd it to that of the principal as to render himself personally liable to the extent to which credit has been extended to him; and this liability is not affected by the fact that the consideration moves to the principal. 2 C. J. p. 814, § 488; Mechem on Agency, § 1419.

The question of whether the agent of a disclosed principal binds himself depends upon the intention of the parties, which must be gathered from the facts and circumstances of each particular case; in other words, is a question for the jury. 2 C. J. p. 813, § 487; Mechem on Agency, § 1422.

In the present case there appears to be a sharp conflict between the witnesses as to whether or not appellant pledged himself to pay for the goods delivered and pay the checks.

If there appears in the record sufficient evidence upon which the jury might find that he did agree to be personally responsible for the indebtedness, then the court acted correctly in submitting the question to it for determination.

J. D. Turner, the agent of appellee in Dallas, testified as follows:

"I know Mr. J. W. Currie, the defendant in this case. I knew him in 1924. I had dealings with him during the year 1924; he was then trustee of this, Trent Williams Filling Station at Commerce and Harwood streets. I had some conversation with him relative to furnishing oil, gas and supplies to that filling station at the time he took charge of that station. * * * Mr. Currie took charge and I told Mr. Currie I would furnish him the gas and oil and it was agreed that payments be made on each delivery. That agreement was not in writing. Mr. Currie understood of course that he was to pay cash on delivery. * * * I told Mr. Currie, as he was manager of that station, I would look for payment on each tank wagon delivered. I talked with Mr. Currie several times and he said he would go to the station and get the money and deposit it and give me a check, would pay for it. I do not remember saying anything to Mr. Currie about Mr. Williams' account but the supplies to be delivered at that station were to be paid for in cash by Mr. Currie and I told him I would look to him for payment; that was to be cash on delivery. * * * I remember Mr. Currie bringing me a check back from Galveston and he turned that check over to me; it was either $90.00 or $100.00; he turned that check over to me and I gave him credit for it. * * * I do not remember just what check it was that Mr. Currie gave me after he came back from Galveston, on some estate and endorsed over to me and I don't remember the exact amount, $90.00 or $100.00."

E. H. Frank, credit man for appellee, testified:

"The only conversation I had with Currie relative to the terms on which the supplies were furnished him, was with reference to several bad checks issued by him, Currie advising me that he would pay them as soon as his deceased father's estate was settled at Galveston. I spoke to Mr. Currie only once with reference to whether he was liable to Humble Oil & Refining Company for the supplies furnished said station and he stated that he was personally liable for these checks. * * * Mr. Currie acknowledged his personal liability and promised to pay Humble Oil & Refining Company for the bad checks issued by him as soon as possible."

These facts are all denied by appellant, it is true; but the jury being the exclusive judges of the credibility of the witnesses, it was proper that the issues made by the evidence should have been submitted to them, and the court's action in so doing presents no error.

The assignments are accordingly overruled, and the judgment of the trial court affirmed.