David J. NAGLE, Appellant,

v.

Bill DUNCAN, Appellee.

No. 17108.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 20, 1978.

Rehearing Denied Aug. 17, 1978.

David J. Nagle, Houston, for appellant.

Conner & Dreyer, Jerry D. Conner, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment for the plaintiff in an action for debt. The plaintiff, an official court reporter, sued the defendant, an attorney, for the cost of a transcript of the testimony adduced in a criminal trial which the attorney had ordered for use in an appeal.

 As a general rule an agent is not personally liable on contracts made for a disclosed principal, in the absence of his express agreement to be bound. However, the agent of a known principal is not precluded from binding himself personally upon a contract if the agent has substituted his own responsibility for that of his principal, or has pledged his own responsibility in addition to that of his principal. *American National Bank v. American Loan & Mortgage Company*, 228 S.W. 169 (Tex.Com.App. Sec. A 1921, judgment adopted); *Vincent Murphy Chevrolet Company v. Auto Auction, Inc.*, 413 S.W.2d 474 (Tex.Civ.App.— Eastland 1967, writ ref'd n. r. e.).

 Although there are some cases for a contrary rule the majority rule has been stated by a commentator as follows:

"Applying the ordinary rule that an agent is not personally liable on a contract, made for his principal where the party with whom he is contracting knows that he is acting for another, and taking the view that an attorney incurring expenses in connection with litigation is ordinarily acting as an agent for the litigant, and that this is usually known to those with whom he deals, many courts have held that in such a situation the attorney is not personally liable for the charge in question, unless he expressly or impliedly assumes special liability therefor." Annotation, Attorney's Personal Liability for Expenses Incurred in Relation to Services for a Client, 15 A.L.R.3rd 531, 536.

 In this case the plaintiff was the official court reporter at the trial of Cause No. 373826 entitled *State vs. Excell Marks*. On February 5th defendant was found guilty of a misdemeanor and by letter dated February 20th, 1974, addressed to the official court reporter, County Criminal Court No. 1, Harris County Court House, and referring to the style of the case above mentioned, a transcript of the proceedings was ordered. The letter read: "Please accept this letter as our request to you to prepare the transcript of the proceedings in the above matter as quickly as possible, in order that we may continue with the appeal of the conviction rendered February 5, 1974." The letter was signed "Law Offices of David J. Nagle" followed by a signature line on which appears the signature of David J. Nagle.

Another letter dated March 13, 1974, addressed to Mr. Bill Duncan, Court Reporter, following the form used in the previous letter, reads: "Enclosed is the firm's check in the amount of $150.00, as a deposit against the costs of the record to be prepared in the above matter.

"Please advise me when the record has been completed of the remaining charges."

There was also introduced into the record a statement dated April 24, 1974, billing Mr. Nagle for the costs of the statement of facts in Cause No. 373826 in the amount of $369.20, less $150.00 deposit, showing a balance due of $219.20.

A letter from Mr. Duncan addressed to Mr. Nagle dated October 7, 1974, requesting payment of the sum of $219.20 was also introduced into evidence. Mr. Duncan testified that he received the $150.00 deposit and that no other money had been paid him for his services in preparing the statement of facts. He testified that it was his custom and generally the custom among court reporters in criminal courts that no transcript would be delivered to the attorney unless the charges were paid in full. He further testified that he knew the record was being ordered for the client and knew that Mr. Nagle was an attorney for the client. He did not deliver the transcript of testimony to Mr. Nagle, but he notified him that the record was ready and would be

delivered on receipt of his check in the amount of $218.00.

Appellant contends by two points of error that there is no evidence that he agreed to be personally responsible for the costs of preparing the transcript of evidence. These points will not be sustained. The letter of March 13 constitutes sufficient evidence of the attorney's intent to be personally responsible for the cost of the record to raise an issue of fact. *Cowan v. Hulse & Allen*, 273 S.W. 663 (Tex.Civ.App.—San Antonio 1925, no writ hist.); *Currie v. Humble Oil & Refining Co.*, 16 S.W.2d 867 (Tex.Civ.App.— El Paso 1929, no writ hist.).

In *Seale v. Nichols*, 505 S.W.2d 251 (Tex. 1974), the court said:

". . . Texas law provides that in order for an agent to avoid liability for his signature on a contract, he must disclose his intent to sign as a representative to the other contracting party. Uncommunicated intent will not suffice . ."

■ The cause of action on which this suit is based was for personal services rendered. By reason of Article 2226, Texas Rev.Civil Statutes, Ann. the plaintiff is entitled to recover a reasonable attorney's fee. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962).

The judgment is affirmed.