Dave NEAL et al. Co., Appellant,

v.

U. Stanley ARDOIN, Appellee.

No. 17559.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1979.

Rehearing Denied Feb. 14, 1980.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellant.

U. Stanley Ardoin, Houston, for appellee.

WALLACE, Justice.

This is a suit by a court reporter (Neal) against an attorney (Ardoin) for court reporting fees totalling $2,163.82 representing services rendered in eight different cases.

Trial was to the court which rendered judgment for Neal for $141.30 for services rendered in only one case, that being one in which Ardoin was a party defendant. The court assessed half the court costs against each party, and awarded attorney fees of $75.00 to Neal.

The court filed findings of fact that Ardoin, as attorney of record, requested and received the services in question. The court filed conclusions of law that an attorney is not personally liable for costs and expenses incurred on behalf of his client.

The issues before us are, (1) the sufficiency of Ardoin's affidavit to his sworn answer, (2) the sufficiency of the evidence to support the finding that Ardoin ordered the services only as attorney of record, (3) the award of only $75.00 attorney's fees as being against the great weight and preponderance of evidence, and (4) the assessment of half the cost against Neal as an abuse of discretion.

▮ Neal's amended original petition alleged that the "plaintiff, at the special instance and request of defendant did sell and deliver to defendant the  . . .  services." Further, that "The defendant did promise to pay plaintiff for same." Ardoin filed an answer in which he denied that he owed money and further alleged that he was not the proper defendant in connection with four of the cases, one of which was the case in which he was the defendant and for which the court gave Neal a judgment. He further generally denied the allegations of plaintiff. Ardoin's answer is sworn to on "information, knowledge and belief." Rule 93(c) T.R.C.P. requires that a pleading setting out that defendant is not liable in the capacity in which he is sued be verified by affidavit.

" 'Verified  by  his  affidavit'  . . . means proved to be true or correct; to establish the truth of; confirmed . .

It has been held that the verification must be direct and in such positive terms as would sustain a charge of perjury or false swearing, if the verification should prove to be false, and an affidavit must show to have been made on the personal knowledge of the affiant as to the truth of the allegations verified. Verification on information and belief is held to be insufficient. *Graham v. McCarty,* 69 Tex. 324, 7 S.W. 342  . . .." *City of Arlington v. Dallas-Fort Worth Safety Coach Co.,* 270 S.W. 1094 (Tex.Civ.App.— Fort Worth 1925, no writ).

Ardoin's answer was not supported by a verified affidavit and was not sufficient to raise the defense that he was not liable in the capacity in which he was sued. He should not, over proper objections, have been permitted to produce evidence of this defense.

▮ However, as a basis for the fees involved, Neal introduced 24 invoices made out to "U. Stanley Ardoin, Attorney at Law," and each showed the names of the parties to that particular case. Further, he testified that he always billed the attorney who requested the deposition for the original which was filed with the court and in each case Ardoin was billed for the original. This was sufficient evidence upon which the trial court could conclude that Neal considered Ardoin the attorney of record for one of the parties. He further testified that the file docket in the District Clerk's office reflects the names of the attorneys of record and that he checked those file dockets in the cases before us. He thus presented evidence sufficient to sustain a finding that Ardoin was an agent of a disclosed principal, i. e., his client in each case. This court in *Nagle v. Duncan,* 570 S.W.2d 116 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ dism'd), cited the majority view that an attorney incurring expenses in connection with litigation is ordinarily acting as an agent for the litigant and is not personally liable for the charges in question unless he expressly or impliedly assumes special liability therefor. Neal, by offering evidence that Ardoin was acting as attorney of

record in the above cases, put himself in the position of assuming the burden of proving that Ardoin either expressly or impliedly assumed special liability for the fees. The trial court impliedly found that Ardoin did not assume personal liability. We find no error by the trial court in finding Ardoin liable only for the fees incurred in the case in which he was a party defendant. Based upon a judgment of $141.30, the trial court awarded attorney's fees of $75.00. We do not find this to be against the great weight and preponderance of evidence.

■ Neal's remaining point of error complains of the trial court's assessment of one half of the court costs against him. Rule 131, T.R.C.P. provides that the successful party to a lawsuit shall recover from the adversary all costs incurred therein except where otherwise provided. Rule 141, T.R.C.P. provides:

"The court may, for good cause, to be stated on the record, adjudge the cost otherwise than as provided by law or these rules."

"Successful party" as used in Rule 131 has been defined as "one who obtains a judgment of a competent court vindicating a claim of right, civil in nature." *Siepert v. Brewer,* 433 S.W.2d 773 (Tex.Civ.App.— Texarkana 1968, writ ref'd n.r.e.). The record does not reflect any stated reason for assessing costs against the successful party, and we find the trial court erred in so doing.

The judgment of the trial court is reformed to assess all costs against the defendant below, and as reformed is affirmed.

COLEMAN, C. J., and DOYLE, J., also sitting.