Stanley L. PORTNOW, M.D., Appellant,

v.

David BERG et al., Appellees.

No. 17569.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1980.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellant.

Harold Lloyd, Michael O'Brien, Victor N. Makris, David H. Berg, Houston, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

Dr. Stanley Portnow brought suit against Michael A. S. Makris, and David Berg, his attorney, for compensation for professional services as a forensic psychiatrist in connection with an unrelated criminal action. At the conclusion of the plaintiff's case the court took the case from the jury and subsequently entered a take nothing judgment. This appeal resulted. The case will be reversed and remanded to the trial court.

There is testimony that Dr. Portnow is a forensic psychiatrist residing in New York City. Mr. Berg called him requesting his professional services in connection with Berg's representation of Makris in a criminal action. This telephone conversation was followed by a letter setting out in some detail the circumstances of the pending action and enclosing certain medical records. In the letter Dr. Portnow was asked to review the medical records cursorily and "[l]et us know if you would be interested in seeing Makris." The letter further stated: ". . . the fees would be paid in whatever fashion you wish, if you are at all

interested in the case. . . ." Dr. Portnow testified that Mr. Berg agreed to pay him a fee of between $10,000.00 and $15,000.00 depending on the amount of work required. The doctor then came to Houston where he interviewed Mr. Makris and discussed the case with other witnesses and lawyers. On his return to New York he continued working on the case by reviewing records and doing research.

On August 30, 1974, Dr. Portnow billed Mr. Berg the sum of $6,000.00 plus $329.27 expenses for professional services in connection with Michael A. S. Makris for the period August 23rd through the 25th, 1974. He was reimbursed for his travel expenses by an associate of Mr. Makris. On October 16, 1974, Mr. Berg requested Dr. Portnow ·to send "[w]hatever reports you can make available to me" by the end of this month. By a letter dated November 1, 1974, Dr. Portnow informed Mr. Berg that he would need certain existing neurological examinations and certain reports. He further stated that he would not expend any further time on the matter until payment in full was received for the work already performed.

Dr. Portnow testified that Mr. Berg agreed that he would pay out of his pocket for his client the agreed fee. He also testified that Mr. Berg "guaranteed the payment."

Berg's motion for a directed verdict set out the following four grounds:

(1) that there is no evidence to support a verdict for the plaintiff against Berg;

(2) that there is insufficient evidence to support a verdict against Berg;

(3) that there is no instrument in writing charging the defendant with the responsibility for this debt;

(4) that there has been no evidence that the charges for the services rendered were reasonable and necessary in Harris County, Texas, at the time they were rendered.

■ Before ruling on a motion for a summary judgment the trial court must determine whether there is any evidence of probative force to raise fact issues on the material questions presented such that reasonable men may differ as to the controlling facts. Unless there is no material issue of fact upon which reasonable men could differ, the motion should be denied. *Mealor v. S. H. Leggitt & Co.*, 567 S.W.2d 51 (Tex.Civ. App.—Fort Worth 1978, no writ); *Schriewer v. Liedtke*, 561 S.W.2d 584 (Tex.Civ.App. —Beaumont 1978, writ dism'd.)

The defendant Berg filed a general denial but his answer did not include any affirmative defenses. The defendant Makris pled the two year statute of limitations as a defense.

■ The testimony is clearly sufficient to raise fact issues which would support the cause of action alleged against David Berg. There is evidence that Berg requested the services of Dr. Portnow and that he agreed to pay for them personally. There is also evidence that Dr. Portnow entered upon the performance of his duties under the contract, but ceased performing when payment for the services rendered was not forthcoming. There is also evidence that the parties agreed upon a minimum fee of $10,000.00. The trial court erred in directing a verdict in favor of the defendant Berg. *Constant v. Howe*, 436 S.W.2d 115 (Tex.1968); *Nagle v. Duncan*, 570 S.W.2d 116 (Tex.Civ.App.— Houston [1st Dist.] 1978, writ dism'd).

There was evidence that Berg was representing Makris as an attorney in connection with the defense of a pending criminal prosecution, and that Portnow was aware of these facts. Berg employed Portnow to make an examination of Makris for the purpose of using his expertise as a forensic psychiatrist in the defense of the case. There was evidence from which an inference could be drawn that Makris was aware of the employment.

■ The attorney-client relationship is one of principal and agent, and the acts of one ordinarily bind the other. *Texas Employers Insurance Association v. Wermske*, 162 Tex. 540, 349 S.W.2d 90 (1961). The attorney may bind his client to pay for reasonable expenses incurred by the attor-

ney instant to the preparation and trial of a case, including the fee of an expert witness. *Herfurth v. Horine*, 266 Ky. 19, 98 S.W.2d 21 (1936); *Kerzee v. Aultman*, 291 S.W. 293 (Tex.Civ.App.—Waco 1927, no writ); 7 American Jurisprudence 2d, Attorneys at Law, § 123.

The letter from Mr. Berg offering employment to Dr. Portnow was dated July 30, 1974. The letter from Dr. Portnow to Mr. Berg informing him that it would not be possible to spend any further time on the matter until payment had been received for the work performed was dated November 1, 1974. The plaintiff's original petition named only Mr. Berg as a defendant, and was filed on February 8, 1977. Plaintiff's first amended original petition naming both Mr. Berg and Mr. Makris was filed May 2, 1978. Thus it appears that the defendant Makris' plea of the statute of limitations is good unless this suit can be characterized as an action for debt where the indebtedness is evidenced by or founded upon a contract in writing. In that event it would be controlled by the four year statute of limitations, article 5527, V.A.C.S.

 The Supreme Court of Texas has said that it is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought in order to establish that the indebtedness is evidenced by or founded upon a contract in writing within the meaning of article 5527, *supra*. It is sufficient if the obligation or liability grows out a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. The Court recognizes that the writing did not necessarily have to be signed by both parties to the contract. It also approved a statement that the necessity of introducing evidence extrinsic to a written contract to establish the amount of money to which the plaintiff is entitled under the contract, where there appears from the written contract an obligation of the defendant to pay money of some amount, conditionally or

unconditionally, does not render inapplicable a statute of limitations pertaining to written contracts or writings for the payment of money. *International Printing Pressmen and Assistants' Union of North America v. Smith*, 145 Tex. 399, 198 S.W.2d 729 (1946).

The written instruments introduced into evidence acknowledge a state of facts from which, by fair implication, the obligation or liability of Mr. Makris to pay a professional fee to Dr. Portnow arises. The action is not barred by the two year statute of limitations, but it is controlled by the four year statute of limitations. *First State Bank of Green's Bayou v. Tanner*, 495 S.W.2d 267 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Jackson v. Paulsel Lumber Company*, 461 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *Kerby v. Collin County*, 212 S.W.2d 494 (Tex.Civ.App.—Dallas 1948, no writ).

The judgment is reversed and the cause is remanded.