**EPPLER, GUERIN & TURNER, INC., Appellant,**

v.

**Cyril David KASMIR and Kasmir, Willingham & Krage, Appellees.**

No. 05–84–00020–CV.

Court of Appeals of Texas, Dallas.

Jan. 15, 1985.

Rehearing Denied March 1, 1985.

Duncan Boeckman, Golden, Potts, Boeckman & Wilson, Beverly Brown, Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

Ben L. Krage, Dallas, for appellees.

Before GUITTARD, C.J., and CARVER and SHUMPERT[1], JJ.

---

1. Justice Shumpert approved this opinion prior to the expiration of his term of office on Decem-

GUITTARD, Chief Justice.

Eppler, Guerin and Turner, Inc., appeals from a summary judgment that it take nothing on its claim for appraisal fees against the appellees C.D. Kasmir, Esq., and Kasmir, Willingham & Krage, attorneys at law. We hold that the summary judgment evidence established as a matter of law defendants' affirmative defense that they were only acting as agents for a disclosed principal. Therefore, we affirm.

Plaintiff, an investment banking firm, was hired by defendants to render an opinion on the value of certain securities that were the subject of a suit between defendants' client Intercontinental Industries, Inc., and the Internal Revenue Service. It is undisputed that plaintiff knew at the time it was hired by defendants that defendants were attorneys representing Intercontinental Industries in the pending suit. Plaintiff prepared a letter agreement addressed to defendants outlining the details of its employment. This letter is styled "Re: Intercontinental Industries vs. The Internal Revenue Service." In part, it provides: (1) that plaintiff shall render a valuation opinion on specified securities "to be received and ultimately received by Intercontinental Industries, Inc.," and (2) that the billings for this opinion and for testimony in court "shall be rendered to your firm" (the defendants' firm). In addition, this letter agreement contains the following acknowledgment by defendants:

Agreed and Accepted this
30th day of June 1982
KASMIR WILLINGHAM AND KRAGE
by /s/ Cyril David Kasmir

Plaintiff contends that this letter agreement establishes that defendants undertook personal liability for the payment of its professional fees and that the trial court, therefore, erred in granting the defendants' motion for summary judgment and in denying its motion for summary judgment. We disagree.

Except in the case of negotiable instruments, the general rule is that when an agent contracts for the benefit of a disclosed principal, the agent is not liable on the contracts he makes. *Whataburger, Inc. v. Rutherford,* 642 S.W.2d 30, 34 (Tex. App.—Dallas 1982, no writ); *Wright Waterproofing Co. v. Applied Polymers of America,* 602 S.W.2d 67, 69 (Tex.Civ.App. —Dallas), *writ ref'd n.r.e. per curiam,* 608 S.W.2d 164 (Tex.1980). Of course, the parties to a contract can alter this general rule by agreement so that the agent will be liable on the contract. The agent may bind himself to such a contract by expressly or impliedly agreeing either to substitute his own responsibility for that of his principal or to add his personal responsibility. *American National Bank v. American Loan & Mortgage Co.,* 228 S.W. 169, 171 (Tex.Comm'n.App.1921, judgmt adopted); *see also American Petrofina Co. of Texas v. Bryan,* 519 S.W.2d 484, 487 (Tex.Civ. App.—El Paso 1975, no writ). Thus, it is clear that if an agent is liable on a contract he has made for the benefit of a disclosed principal, his liability is predicated upon his specific contractual obligation and not upon his agency relationship. *American National Bank,* 228 S.W. at 171.

Accordingly, we hold that when an attorney contracts with a third party for the benefit of a client for goods or services to be used in connection with the attorney's representation of a particular client and the third party is aware of these facts, the attorney is not liable on the contract unless he either expressly or impliedly assumes some type of special liability. *Neal v. Ardoin,* 594 S.W.2d 145, 146 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ); *Nagle v. Duncan,* 570 S.W.2d 116, 117 (Tex.Civ.App. —Houston [1st Dist.] 1978, writ dism'd); *see also* Annot., 15 A.L.R.3d 531, 536 (1967).

Plaintiff does not dispute these principles of law, but contends that the letter agreement establishes that the defendants

ber 31, 1984. However, the opinion was not issued until January 15, 1985, because of the

internal circulation requirements of this Court.

"specially undertook" liability for the payment of these fees. First, plaintiff argues that defendants' express or implied assumption of liability is established by the provision in the letter agreement that billings for the plaintiff's services "shall be rendered" to the defendants. We do not interpret this provision as either an express or implied assumption of special liability by defendants. Attorneys routinely receive such billings for their clients. In this context such a provision means only that the attorney is designated as the agent of the corporate client to whom bills should be sent. Presumably, the attorney has a duty to examine them and, if he approves, transmit them to the proper officer of the corporation for payment.

Second, plaintiff argues that defendants' express or implied assumption of liability is established by the letter agreement because it was signed by defendant Kasmir without disclosing an intent to sign only in a representative or agency capacity. In other words, plaintiff argues that the defendants are personally liable on the letter agreement because they did not place the word "agent" or "attorney" after their respective typed or manually signed names. In support of this argument, the plaintiff cites *Seale v. Nichols*, 505 S.W.2d 251 (Tex. 1974), which states:

> Texas law provides that in order for an agent to avoid liability for his signature on a contract, he must *disclose* his intent to sign as a representative to the other contracting party. Uncommunicated intent will not suffice.

505 S.W.2d at 255.

We do not regard *Seale* as controlling here because in *Seale* the agency relationship was not disclosed on the face of the contract or by extrinsic circumstances. The opinion shows that the only evidence of Seale's agency was his affidavit stating his undisclosed subjective intent to sign the promissory note in question as agent for a corporate principal. Here the letter on its face establishes plaintiff's knowledge that defendants were acting as counsel for a particular client in pending litigation.

*Seale* does not require every contract signed by a lawyer for a disclosed client to contain explicit language negating his personal liability. Rather, such contracts are governed by the rule already stated that an agent who signs a contract for the benefit of a disclosed principal is not liable on the contract unless there is an express or implied agreement for specially imposing personal liability.

We hold that defendants have established their affirmative defense of agency. Plaintiff has failed to raise a disputed fact issue upon whether the defendants undertook a special obligation to assume liability for the payment of the plaintiff's fees. Therefore, the trial court properly granted the defendants' motion for summary judgment and denied the plaintiff's motion for summary judgment.

Affirmed.