**James M. MURPHY, Appellant,**

v.

**M.A. CAIN and Shirley Wilcox d/b/a Texas Reporters Association, Appellees.**

**No. 05–85–00842–CV.**

Court of Appeals of Texas, Dallas.

April 18, 1986.

AKIN, Justice.

James M. Murphy appeals a judgment in favor of M.A. Cain and Shirley Wilcox d/b/a Texas Reporters Association, awarding damages for breach of contract and attorney's fees. In his sole point of error, Murphy contends that the judgment against him is statutorily barred by former article 320c.[1] We disagree with this contention; consequently, we affirm.

Murphy is an attorney who, in the course of representing a client in a civil case in federal district court, contacted Cain to arrange for Cain or her employee to act as reporter for depositions in Ecuador. In the trial of this case, there was a dispute about whether Murphy contracted with Cain only in his capacity as agent for a disclosed principal, his client, or also in his individual capacity. The trial judge, as the trier of fact, determined in findings of fact numbers one and two that Murphy entered into an oral contract whereby Cain would perform court reporting services and Murphy "would pay the reasonable and customary fees for such services to Cain or her employee." This finding of fact has not been attacked by a point of error on appeal, and that fact is therefore taken as conclusively established. *Zelios v. City of Dallas*, 568 S.W.2d 173, 175 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

Nevertheless, Murphy relies on article 320c to avoid this contractual liability to Cain and Wilcox. Article 320c provided in full:

Regardless of any law or rule to the contrary, an attorney who is not a party to a civil proceeding is not liable for payment of costs incurred by any party to the proceeding.

In order for Murphy to prevail on his point of error, we would have to hold that the above statutory provision absolutely prevents an attorney from contractually agreeing to assume responsibility for pay-

R. Keith Walker, Dallas, for appellant.

David C. Mattka, Winstead, McGuire, Sechrest & Minick, Dallas, for appellees.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

1. All references to article 320c are to the Act of June 19, 1975 ch. 498, § 1, 1975 Tex.Gen.Laws 1335 *repealed by* Act of June 16, 1985 ch. 959, § 9, 1985 Tex.Gen.Laws 7043, 7218. Article 320c has been recodified, without substantive change, as section 7.011 of the Texas Civil Practice and Remedies Code by Act of June 16, 1985, ch. 959, § 1, 1985 Tex.Gen. Laws 7043, 7051.

ment of any litigation costs. We decline to do so.

■ We recognize that the general rule is that, when an agent contracts for the benefit of a disclosed principal, the agent is not liable on the contracts he makes. *Eppler, Guerin & Turner v. Kasmir*, 685 S.W.2d 737, 738 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). However, the parties to a contract may alter this general rule by agreement so that the agent will be liable on the contract. *Id.* Thus, while an attorney is not generally liable for goods or services contracted for on behalf of his client in connection with the attorney's representation of that client, he may become individually liable if he expressly or impliedly assumes that liability. *Id.; Neal v. Ardoin*, 594 S.W.2d 145, 146 (Tex.Civ.App. —Houston [1st Dist.] 1980, no writ); *Nagle v. Duncan*, 570 S.W.2d 116, 117 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ dism'd); *see also* Annot. 15 A.L.R.3d 531, 536 (1967). In *Eppler*, we held as a matter of law that the attorney had established his defense of agency, based on the facts in that case. Here, no statement of facts has been brought before us, so that, even if the finding of fact had been adequately challenged, we would have to presume that the record contains sufficient evidence to support the finding. *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 946 (1958); *Simon v. Watson*, 525 S.W.2d 210, 213–14 (Tex.Civ.App.—Dallas 1975, writ dism'd).

■ We note that the effect of article 320c upon these common law principles of agency has not yet been specifically defined. In *Eppler* and other cases concerning an attorney's liability for items traditionally classified as "costs," no mention is made of article 320c. *See Portnow, M.D. v. Berg*, 593 S.W.2d 843, 845 (Tex.Civ.App. —Houston [1st Dist.] 1980, no writ); *Neal*, 594 S.W.2d at 146–47; *Nagle*, 570 S.W.2d at 117–18. However, article 320c was not intended to apply to a situation where an attorney expressly contracts to be personally liable for a debt. Rather, we hold that article 320c prevents court costs from be-

ing assessed against an attorney by courts of the State of Texas.

■ Our interpretation of the purpose of article 320c is based on the sound policy of preventing the costs of pursuing litigation from being judicially imposed upon an attorney, as opposed to the true party in interest, his client. Many courts, including federal courts, do impose such costs on an attorney—particularly if the suit is frivolous or brought for a bad purpose. *See Muigai v. U.S. Immigration & Naturalization Service*, 682 F.2d 334, 337 (2d Cir. 1982). *See also* Annot. 15 A.L.R.3d at 538–40 and cases cited therein. Article 320c simply establishes that such is not the law in Texas. Article 320c does not, therefore, preclude Murphy's liability under an express oral contract to third parties providing services to his client. Accordingly, we affirm.

HOWELL, J., concurs.

HOWELL, Justice, concurring.

I concur.

These reporting fees were incurred in connection with federal court litigation. This writer would hold that former article 320c only applies to cost incurred in the state courts of Texas.

The majority states that an attorney "may become individually liable if he ... *impliedly* assumes [his client's] liability" (maj. op. 304) (emphasis added). At best, the statement is inapplicable to the case at bar. At worst, it is misleading. While the statement may be correct in some other context, it appears to this writer that former article 320c clearly forbids a court from holding that a lawyer impliedly contracted to directly and personally pay court costs incurred in the course of litigation on behalf of a client.

In sum, viewed in light of the purpose of its enactment, the statute should be construed to read:

An attorney who is not a party to a civil proceeding is not liable for payment [out of his own resources] of [taxable] costs incurred [in the Texas court system] by a

party to the proceeding [unless the attorney expressly contracts that he will pay out of his own resources].