Miskin v. Gunn 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-302-CV

     CECIL MISKIN,
                                                                                              Appellant
     v.

     SUGAR GUNN, D/B/A SUGAR GUNN & ASSOCIATES,
                                                                                              Appellee
 

From the County Court at Law
Johnson County, Texas
Trial Court # C93-00373
                                                                                                    

O P I N I O N
                                                                                                    

      Cecil Miskin appeals from a $2,506.75 judgment rendered after a bench trial in favor of Sugar
Gunn on a breach-of-contract claim. Gunn, a court reporter, sued Miskin, an attorney, alleging
that Miskin had agreed to pay her for a copy of a statement of facts she prepared, but refused to
do so when she presented the copy and requested payment. In the first of two points of error,
Miskin claims that the evidence is insufficient to support the judgment. By his second point, he
argues that he cannot be held liable for the debt because he was acting as the disclosed agent of
his former clients. We will affirm the judgment.
      Miskin represented Les Sells and Charles Spence in a suit against First American Title
Company brought in the district court in Johnson County. Gunn substituted as the court reporter
for the trial because the official court reporter, Eleanor Averyt, was transcribing a criminal trial. 
Sells and Spence prevailed in the trial court and First American appealed. The attorney for First
American requested that Gunn prepare an original and one copy of the statement of facts from the
trial for the appeal. According to Gunn, Miskin or a member of his staff requested that she
prepare a copy for them also. After two extensions of time, the statement of facts was due to be
filed in this court on September 2, 1993. Gunn completed the original and both copies on the day
before. When she contacted Miskin's office, she was told that he no longer wanted the copy of
the statement of facts. After attempting to obtain payment from Miskin, Gunn brought this suit.
      In his first point, Miskin alleges that the evidence is both legally and factually insufficient to
support a finding that he agreed to pay for the copy of the statement of facts. Neither party
requested that the court make findings of facts or conclusions of law; therefore, we imply that the
court made all necessary findings in support of its judgment. See Holt Atherton Industries, Inc.
v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). Miskin may challenge the legal and factual sufficiency
of the evidence supporting these implied findings. See id. at 84. Thus, we will review the
evidence to determine if the implied findings are supported by legally and factually sufficient
evidence under the same standards as we would in an appeal from a jury verdict. See Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).
      In deciding Miskin's legal-sufficiency challenge, we consider only the evidence and inferences
supporting the court's finding and reject the challenge if there is more than a scintilla of evidence
to support the court's decision. See Holt Atherton Industries, 835 S.W.2d at 84. Gunn directly
stated in her testimony that "[Miskin] owed [her] $2500 [b]ecause [he] ordered a copy of the
Statement of Facts," and "told [her] [he] wanted a copy of it" during a meeting at Miskin's office. 
Gunn's statements are some evidence of an agreement by Miskin to pay for a copy of the statement
of facts. See id.
      In reviewing Miskin's factual-insufficiency claim, we consider all of the evidence and
determine if the challenged finding is so against the great weight and preponderance of the
evidence as to be manifestly unjust. See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986). Although Gunn testified that Miskin ordered the statement of facts, she also stated that she
wasn't sure that he ordered it personally or if a member of his staff requested that she prepare the
copy. When Miskin's office told her that he no longer wanted the copy of the statement of facts
during her telephone call to his office on September 1, she claimed that she was also told "they'd
pay [her] for what [she] had done." Additionally, Gunn introduced a letter written to her by
Miskin in which, after indicating that the appellate attorney did not want a copy of the statement
of facts, he stated, "That does not alter the fact that when you called me early on and asked
whether we wanted a copy of the transcript . . . I told you I thought they would but reminded you
that Jody Gilliam down in Waco was handling the appeal." Finally, Gunn provided testimony
from Averyt, the official reporter from the district court, that Miskin ordered and paid for a
pretrial portion of the statement of facts which she (Averyt) had recorded. Miskin conceded that
he had ordered and paid for this portion of the statement of facts. 
      However, Miskin denied that he agreed to pay for a copy of the statement of facts prepared
by Gunn, maintaining he had told her that Sells had retained another attorney to handle the appeal
who was responsible for determining if a copy was needed. Sells also testified that he told Gunn
he did not want a copy. Examining all of the evidence, we cannot say that an implied finding that
Miskin agreed to pay for a copy of the statement of facts is so against the great weight and
preponderance of the evidence as to be manifestly unjust. See id. Point one is overruled.
      In point two, Miskin claims that he should escape liability on the agreement because he was
acting as the agent for his clients. Generally, an agent contracting on behalf of a disclosed
principal does not incur personal liability for a contract within the scope of his authority. 
Lacquement v. Handy, 876 S.W.2d 932, 939 (Tex. App.—Fort Worth 1994, no writ); City of
Houston v. First City, 827 S.W.2d 462, 480 (Tex. App.—Houston [1st Dist.] 1992, writ denied). 
Thus, "when an attorney contracts with a third party for the benefit of a client for goods or
services to be used in connection with the attorney's representation of a particular client and the
third party is aware of these facts, the attorney is not liable on the contract unless he either
expressly or impliedly assumes some type of special liability." Eppler, Guerin & Turner, Inc. v.
Kasmir, 685 S.W.2d 737, 738 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); see also Nagle v.
Duncan, 570 S.W.2d 116, 117 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dismissed).
      However, agency is an affirmative defense to liability. Southwestern Bell Media, Inc. v.
Trepper, 784 S.W.2d 68, 71-72 (Tex. App.—Dallas 1989, no writ); Glendon Investments, Inc.
v. Brooks, 748 S.W.2d 465, 467 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Because
agency is an affirmative defense, Miskin properly raises this argument as a "matter of law" point. 
See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Thus, to successfully
challenge the court's rejection of his affirmative defense, Miskin must show that there is no
evidence supporting the court's rejection of his defense and, then, that his contrary assertion has
been established as a matter of law. See id. If Miskin carried his burden, Gunn would then be
put to the burden of showing that he expressly or impliedly agreed to be personally bound. See
Neal v. Ardoin, 594 S.W.2d 145, 146-47 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). 
Therefore, we will examine the evidence under the Sterner requirements to determine if Miskin
has shown that the court's finding is contrary to the evidence as a matter of law.
      As set out above, Gunn testified that Miskin requested a copy of the statement of facts. She
knew that he had represented Sells and Spence in the trial, but also knew that they were looking
for or had retained another attorney to handle the appeal. On cross examination, when asked by
Miskin if she knew if he had ordered it for himself or for his clients, she responded, "I have no
idea whether you ordered it for them." She agreed that she could not tell why he wanted it and
that it did not make any difference why to her. This evidence is legally sufficient to support the
court's failing to find that Gunn knew that the agreement was "for goods or services to be used
in connection with the attorney's representation of a particular client." See Eppler, 685 S.W.2d
at 738; Nagle, 570 S.W.2d at 117. The issue of whether Miskin had a personal use for the copy
of the statement of facts was a fact issue for resolution by the trier-of-fact. See Nagle, 570 S.W.2d
at 117-18. Thus, Miskin's matter-of-law challenge to the court's rejection of his affirmative
defense fails. Point two is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 12, 1995
Do not publish