**Daniel S. LOWRANCE, Petitioner,**

v.

**Leslie Ann HORTON, Respondent.**

No. 97–0710.

Supreme Court of Texas.

Jan. 16, 1998.

Rehearing Overruled Feb. 13, 1998.

Richard N. Countiss, Houston, for Petitioner.

Patrick Reilly, Galveston, for Respondent.

## OPINION

PER CURIAM.

Daniel S. Lowrance appealed the property division part of the trial court's judgment dissolving his marriage to Leslie Ann Horton. The court of appeals affirmed the trial court's judgment. In its judgment, the court of appeals ordered Daniel S. Lowrance and Richard N. Countiss, jointly and severally, to pay all costs incurred in the appeal. Richard N. Countiss is not a party to the proceeding, but is Lowrance's appellate counsel. In his

1. The Legislature recodified article 320(c), without substantive change, as section 7.011 of the

Petition for Review, Lowrance's first issue is that the court of appeals improperly assessed costs against his counsel. We agree.

The Civil Practice and Remedies Code provides:

> An attorney who is not a party to a civil proceeding is not liable for payment of costs incurred by a party to the proceeding.

TEX. CIV. PRAC. & REM.CODE § 7.011.

The statute's plain meaning prohibits imposing court costs against an attorney who is not a party to the proceeding. *See Murphy v. Cain,* 711 S.W.2d 302, 304 (Tex.App.—Dallas 1986, no writ).[1] The court of appeals abused its discretion by ordering petitioner's counsel jointly and severally liable for costs of the appeal.

Accordingly, the Court grants the Petition for Review, and without hearing oral argument, reverses the court of appeals' judgment assessing costs of appeal against Richard N. Countiss jointly and severally. The Court affirms the rest of the court of appeals' judgment. *See* TEX.R.APP. P. 59.1.

TEX. CIV. PRAC. & REM.CODE by Act of June 16, 1985, ch. 959, § 1, 1985. Tex. Gen. Laws 7043, 7051.