FONSECA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-021-CR

IVAN ANTONIO FONSECA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON REHEARING

------------

On February 9, 2005, Appellant’s appellate counsel filed a motion for rehearing arguing that we erroneously stated in our opinion of January 27, 2005, that the motion requesting a Spanish language interpreter was waived. In this opinion on rehearing, we address appellate counsel’s argument; however, we do not change our original opinion.  Accordingly, we deny the motion for rehearing.

As set out in our original opinion, we concluded that Appellant’s trial counsel waived his previous request for a “licensed” interpreter at his guilty-plea hearing with his statement that “although I interpret today I don’t want to interpret on sentencing day.”  In his motion for rehearing, Appellant’s appellate counsel asserts, “There is no waiver in the record by the APPELLANT (emphasis added).”  Based on this singular statement, we assume that Appellant’s appellate counsel is arguing that the Appellant, himself, was required to waive his right to a “licensed” interpreter at the plea hearing.  We disagree.

The general rule is that whatever a person can do himself, 
sui juris
, he can do by an attorney. [citation omitted]  And this rule unquestionably applies in cases of attorneys appointed by the court to represent a party, as well as those cases where the party employs his attorney himself.  Ordinarily the action of the attorney, as the representative of his client in the conduct of the cause, will, and should, be binding upon the client in all matters where by law the client is not specially required to act for himself. 

Wray v. State
, 89 Tex. Crim. 632, 636, 232 S.W. 808, 810 (1921); 
see also Tex. Employers Ins. Ass’n. v. Wermske
, 162 Tex. 540, 543, 349 S.W.2d 90, 93 (1961) (noting the general rule is that the relationship of attorney and client is one of agency and under this rule, the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents); 
Am. Home Assur. Co. v. Rodriguez
, 749 S.W.2d 897, 899 (Tex. App.—San Antonio 1988, no writ) (stating that the attorney-client relationship is one of principal and agent, and the acts of one ordinarily binds the other); 
Portnow v. Berg
, 593 S.W.2d 843, 845 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (same).

Additionally, for guidance we look to the right to a jury trial, which has also been classified as a category-two right.  
See Marin v. State
, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993) (indicating that the right to a jury trial is a category-two right).  In 
Martin v. State
, the Amarillo Court of Appeals held that the defendant’s attorney’s waiver of a jury trial in municipal court was valid, even though the defendant was not personally asked if he joined in his attorney’s representation.  No. 07-98-0134-CR, 1999 WL 7889, at *3 (Tex. App.—Amarillo Jan. 11, 1999, pet. ref’d) (not designated for publication).  The court noted that “Code of Criminal Procedure art. 45.24, without more, simply provides that the accused may waive a trial by jury” and did not “require the municipal court to ask a defendant to personally verify that he joins in his attorney’s representation that he waives his right to a jury.”
(footnote: 1)  
Id
.  Moreover, in its subsequent opinion overruling the defendant’s motion for rehearing, the 
Martin
 court stated

even though Article 45.24 provides that the “accused” may waive his right to a jury trial, it is commonly understood that attorneys are agents of their clients and any actions taken in court by attorneys are done so on behalf of their clients.  Thus, when an accused’s attorney orally waives a jury trial in open court, under the general precepts of principal-agent relationships, it is the accused who is waiving that right.  In sum, appellant’s attorney legitimately waived trial by jury on behalf of appellant, and therefore, appellant’s point of error remains overruled.

Martin v. State
, No. 07-98-0134-CR, 1999 WL 99087, at *2 (Tex. App.—Amarillo Feb. 26, 1999, pet. ref’d) (op. on reh’g) (not designated for publication).

Accordingly, we do not find any reason, nor does Appellant’s appellate counsel argue, that the general rule that an attorney acts on behalf of his client and the acts of the attorney are attributed to the client should be abandoned in this instance.  Therefore, we conclude that Appellant’s trial counsel’s waiver of his request for a “licensed” interpreter at the guilty plea hearing was effective as to Appellant.  Thus, we deny the motion for rehearing.

ANNE GARDNER

JUSTICE

PANEL A: DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED:  March 17, 2005

FOOTNOTES
1:
See
 Act of Jan. 1, 1966, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 525 (former 
Tex. Code Crim. Proc. Ann.
 art. 45.24) (“The accused may waive a trial by jury; and in such case, the justice shall hear and determine the cause without a jury.”), 
amended and renumbered by
 Act of Sept. 1, 1999, 76th Leg., ch. 1545, § 23, 1999 Tex. Gen. Laws 5314, 5319 (current version at 
Tex. Code Crim. Proc. Ann.
 art. 45.025 (Vernon Supp. 2004-05) (“The accused may waive a trial by jury in writing.  If the defendant waives a trial by jury, the justice or judge shall hear and determine the cause without a jury.”).