COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-021-CR
  
  
IVAN 
ANTONIO FONSECA                                                      APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
        On 
February 9, 2005, Appellant’s appellate counsel filed a motion for rehearing 
arguing that we erroneously stated in our opinion of January 27, 2005, that the 
motion requesting a Spanish language interpreter was waived.  In this 
opinion on rehearing, we address appellate counsel’s argument; however, we do 
not change our original opinion.  Accordingly, we deny the motion for 
rehearing.
        As 
set out in our original opinion, we concluded that Appellant’s trial counsel 
waived his previous request for a “licensed” interpreter at his guilty-plea 
hearing with his statement that “although I interpret today I don’t want to 
interpret on sentencing day.”  In his motion for rehearing, Appellant’s 
appellate counsel asserts, “There is no waiver in the record by the APPELLANT 
(emphasis added).”  Based on this singular statement, we assume that 
Appellant’s appellate counsel is arguing that the Appellant, himself, was 
required to waive his right to a “licensed” interpreter at the plea 
hearing.  We disagree.
   
The general rule is that whatever a person can do himself, sui juris, he 
can do by an attorney. [citation omitted]  And this rule unquestionably 
applies in cases of attorneys appointed by the court to represent a party, as 
well as those cases where the party employs his attorney himself.  
Ordinarily the action of the attorney, as the representative of his client in 
the conduct of the cause, will, and should, be binding upon the client in all 
matters where by law the client is not specially required to act for himself.
 
 
Wray 
v. State, 89 Tex. Crim. 632, 636, 232 S.W. 808, 810 (1921); see also Tex. 
Employers Ins. Ass’n. v. Wermske, 162 Tex. 540, 543, 349 S.W.2d 90, 93 
(1961) (noting the general rule is that the relationship of attorney and client 
is one of agency and under this rule, the omissions, as well as the commissions, 
of an attorney are to be regarded as the acts of the client whom he represents); 
Am. Home Assur. Co. v. Rodriguez, 749 S.W.2d 897, 899 (Tex. App.—San 
Antonio 1988, no writ) (stating that the attorney-client relationship is one of 
principal and agent, and the acts of one ordinarily binds the other); Portnow 
v. Berg, 593 S.W.2d 843, 845 (Tex. Civ. App.—Houston [1st Dist.] 1980, no 
writ) (same).
        Additionally, 
for guidance we look to the right to a jury trial, which has also been 
classified as a category-two right.  See Marin v. State, 851 S.W.2d 
275, 278-79 (Tex. Crim. App. 1993) (indicating that the right to a jury trial is 
a category-two right).  In Martin v. State, the Amarillo Court of 
Appeals held that the defendant’s attorney’s waiver of a jury trial in 
municipal court was valid, even though the defendant was not personally asked if 
he joined in his attorney’s representation.  No. 07-98-0134-CR, 1999 WL 
7889, at *3 (Tex. App.—Amarillo Jan. 11, 1999, pet. ref’d) (not designated 
for publication). The court noted that “Code of Criminal Procedure art. 45.24, 
without more, simply provides that the accused may waive a trial by jury” and 
did not “require the municipal court to ask a defendant to personally verify 
that he joins in his attorney’s representation that he waives his right to a 
jury.”[1] Id. Moreover, in its subsequent 
opinion overruling the defendant’s motion for rehearing, the Martin 
court stated
   
even though Article 45.24 provides that the “accused” may waive his right to 
a jury trial, it is commonly understood that attorneys are agents of their 
clients and any actions taken in court by attorneys are done so on behalf of 
their clients.  Thus, when an accused’s attorney orally waives a jury 
trial in open court, under the general precepts of principal-agent 
relationships, it is the accused who is waiving that right.  In sum, 
appellant’s attorney legitimately waived trial by jury on behalf of appellant, 
and therefore, appellant’s point of error remains overruled.
 
Martin 
v. State, No. 07-98-0134-CR, 1999 WL 99087, at *2 (Tex. App.—Amarillo Feb. 
26, 1999, pet. ref’d) (op. on reh’g) (not designated for publication).
        Accordingly, 
we do not find any reason, nor does Appellant’s appellate counsel argue, that 
the general rule that an attorney acts on behalf of his client and the acts of 
the attorney are attributed to the client should be abandoned in this 
instance.  Therefore, we conclude that Appellant’s trial counsel’s 
waiver of his request for a “licensed” interpreter at the guilty plea 
hearing was effective as to Appellant.  Thus, we deny the motion for 
rehearing.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
 
PANEL 
A:   DAUPHINOT and GARDNER, JJ.
 
PUBLISH
 
DELIVERED: 
March 17, 2005


NOTES
1.  
See Act of Jan. 1, 1966, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 
317, 525 (former Tex. Code Crim. Proc. 
Ann. art. 45.24) (“The accused may waive a trial by jury; and in such 
case, the justice shall hear and determine the cause without a jury.”), amended 
and renumbered by Act of Sept. 1, 1999, 76th Leg., ch. 1545, § 23, 1999 
Tex. Gen. Laws 5314, 5319 (current version at Tex. Code Crim. Proc. Ann. art. 45.025 
(Vernon Supp. 2004-05) (“The accused may waive a trial by jury in 
writing.  If the defendant waives a trial by jury, the justice or judge 
shall hear and determine the cause without a jury.”).